## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOSEPH CAMPBELL,**
**Claimant Below, Petitioner**

**vs.)** **No. 21-0418** (BOR Appeal No. 2055761)
(Claim No. 2019010914)

**HENKELS & MCCOY GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Campbell, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Henkels & McCoy Group, Inc., by Counsel Daniel G. Murdock, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 0% permanent partial disability award on May 14, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 9, 2020, Order. The Order was affirmed by the Board of Review on February 19, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Campbell was injured when he was struck by a rock that rolled down a hill on November 8, 2018. The claim was held compensable for head contusion and upper arm, clavicle, or scapula fracture by Orders dated November 14, 2018, and December 18, 2018. On December 18, 2018, the claims administrator granted physical therapy three days a week for four weeks.

A partially legible prescription script dated March 29, 2019, completed by Scott Orthopedic Center, states that Mr. Campbell was not at maximum medical improvement. His prior back injury flared up. The diagnosis was post laminectomy, recurrent radiculopathy, healing right shoulder injury, and healed clavicle fracture. On April 4, 2019, the claims administrator granted temporary total disability benefits from April 2, 2019, through May 1, 2019.

David Jenkinson, M.D., performed an Independent Medical Evaluation on April 16, 2019, in which he noted that Mr. Campbell was injured when a rock rolled down a hill and struck him. Mr. Campbell reported continued neck pain, low back, and shoulder pain, as well as migraines. Dr. Jenkinson found no abnormalities on examination and opined that Mr. Campbell showed non-physiological pain signs and inappropriate pain behavior. Dr. Jenkinson stated that Mr. Campbell had full range of motion on examination. Pinch and grip strength was normal in both hands, and there was no evidence of muscle atrophy. Dr. Jenkinson noted that a November 28, 2018, right shoulder x-ray showed degenerative or posttraumatic deformity of the distal clavicle. A right shoulder MRI performed on March 1, 2019, showed a partial tendon tear. Dr. Jenkinson opined that Mr. Campbell may have suffered a right upper extremity contusion as a result of the compensable injury, but radiology found no evidence of significant injury to the cervical spine, lumbar spine, or clavicle. Dr. Jenkinson concluded that Mr. Campbell had reached maximum medical improvement and needed no further treatment. He found no permanent impairment.

The claims administrator suspended temporary total disability benefits on April 30, 2019. On May 1, 2019, a work excuse from Grayson Family Care Center indicated Mr. Campbell was unable to work from May 1, 2019, through May 15, 2019. Mr. Campbell was treated by Jorge Lopez, M.D., on May 7, 2019, and he reported headaches with nausea and light sensitivity following his compensable injury. Dr. Lopez diagnosed chronic migraines and post-traumatic headaches and recommended a brain MRI. Dr. Lopez excused Mr. Campbell from work until May

31, 2019. In a May 23, 2019, Diagnosis Update, Dr. Lopez requested the addition of headaches attributed to a head injury to the claim.

The claims administrator granted a 0% permanent partial disability award on May 14, 2019. The Office of Judges affirmed the claims administrator's grant of a 0% permanent partial disability award in its September 9, 2020, Order. It found that Dr. Jenkinson's finding of 0% was reliable and supported by the evidence of record. Examination of the right shoulder showed normal range of motion, no muscle weakness, and normal grip strength. Further, examination of Mr. Campbell's head contusion showed no visible abnormality and no impairment. The Office of Judges noted that Dr. Lopez requested the addition of headaches attributed to head injury to the claim; however, the condition has not been added to the claim. The Office of Judges concluded that Mr. Campbell failed to submit sufficient evidence showing that he sustained permanent partial disability as a result of his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 19, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only physician of record to evaluate Mr. Campbell for permanent partial disability was Dr. Jenkinson. Dr. Jenkinson's Independent Medical Evaluation was reliable, supported by the evidence of record, and was performed in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Therefore, the grant of a 0% permanent partial disability award is affirmed.

Affirmed.

**ISSUED: September 19, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3